# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Action Number 1:12cv22

i play. inc., )
  )
        Plaintiff, )
  )
  )
v. ) **COMPLAINT**
  )
D. Catton Enterprise, LLC, a New York )
Limited Liability Company, )
  )
        Defendant. )
  )
  )

NOW COMES Plaintiff, i play. inc., ("Plaintiff"), by and through the undersigned counsel, alleging as follows:

## THE PARTIES

1. Plaintiff, i play, inc., is a North Carolina corporation with its principal place of business in Asheville, North Carolina.

2. Plaintiff's products, including its baby bottle accessories, are distributed through wholesale and resale outlets internationally and throughout the United States, including in the State of North Carolina.

3. Plaintiff markets its products under its registered trademarks I PLAY.® and GREEN SPROUTS®.

4. Plaintiff is a designer, developer and seller of high quality, healthy and environmentally-friendly clothing and products for infants and children, including a Water Bottle Cap

Adapter and Water Bottle Cap Adapter Set made from BPA-free polypropylene with silicone (collectively, the "Green Sprouts Water Bottle Cap Adapter").

5. Plaintiff's Green Sprouts Water Bottle Cap Adapter and Set includes both an Infant feeding nipple version and a Toddler sippy spout version.

6. A picture depicting Plaintiff's Green Sprouts Water Bottle Cap Adapter and Set is attached hereto as Exhibit A and incorporated herein by reference.

7. Defendant, D. Catton Enterprise, LLC ("Defendant"), is a New York limited liability company with its principal place of business in New York.

8. Defendant may be served through its registered agent, David Catton, 1969 East First Street, Brooklyn, New York, 11223.

9. Defendant, through its attorney, claims to be the owner of U.S. Patent No. 7,552,831 titled "Reversible Nipple Adapter" (the "'831 Patent"), and the designer, manufacturer, seller and licensor of a reversible nipple adapter or water bottle adapter sold under the AQUASIP brand (the "Reversible Nipple Adapter / Water Bottle Adapter") asserted to be covered by the '831 patent. A copy of U.S. Patent No. 7,552,831 is attached hereto as Exhibit B.

**JURISDICTION AND VENUE**

10. Defendant conducts or has conducted business within the State of North Carolina. Defendant has licensed the '831 patent and Reversible Nipple Adapter / Water Bottle Adapter that are the subject of this complaint for manufacture and sale, and the Reversible Nipple Adapter / Water Bottle Adapter has been and is advertised and offered for sale and sold over the internet and in retail outlets in the United States, the State of North Carolina, and in the Western District of North Carolina.

11. Defendant has licensed its asserted rights under the '831 patent, as well as its asserted trademark, trade dress and copyright rights, to Frederick Hart Co., Inc. d/b/a Compac Industries, Inc. ("the Frederick Hart Co."), a Georgia corporation, for manufacture and sale by or at the direction of the Frederick Hart Co.

12. The Frederick Hart Co., sells the Reversible Nipple Adapter / Water Bottle Adapter under the trademarks "Baby Buddy" and "AquaSip" throughout the United States, in the State of North Carolina, and in the Western District of North Carolina, both over the internet through a variety of websites, including www.amazon.com, www.diapers.com, www.kidstoreandmore.com, and www.wayfair.com., and at retail outlets, including in Sears and K-Mart retail stores.

13. The amount of damages claimed by the Plaintiff to be recovered from Defendant and the amount of matters subject to the prayer for Declaratory Relief and asserted in the Motion for Injunctive Relief are in excess of $75,000.00.

14. Jurisdiction is established in the United States District Court in this matter pursuant to 15 U.S.C. §§ 1051, 1116, 1119 and 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and 2201.

15. Venue is proper in the Western District of North Carolina in accordance with 28 U.S.C. § 1391.

16. As to claims arising under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and N.C.G.S. §75.1-1, *et seq*.

**FACTUAL BACKGROUND**

17. In July 2011, David Catton on behalf of defendant began contacting Plaintiff's offices by telephone claiming that Plaintiff's Green Sprouts Water Bottle Cap Adapter infringes the

'831 patent and threatening to initiate litigation and to prevent Plaintiff from selling its Green Sprouts Water Bottle Cap Adapter.

18. In August 2011, attorney Anthony Lo Cicero, on behalf of Defendant, wrote to Plaintiff's attorney Steven C. Schnedler asserting that Plaintiff's Green Sprouts Water Bottle Cap Adapter infringes Defendant's '831 patent, as well as asserting possible additional claims for trademark and trade dress infringement, and demanding on behalf of Defendant that Plaintiff stop selling its Green Sprouts Water Bottle Cap Adapter and compensate Defendant for the claimed infringement.

19. In a series of letters exchanged between counsel for Plaintiff and Defendant between August and October 5, 2011, Plaintiff's counsel provided a detailed explanation and detailed illustration of how and why Plaintiff's Green Sprouts Water Bottle Cap Adapter does NOT infringe Defendant's asserted '831 patent.

20. On November 10, 2011, Defendant, by its attorney, sent a letter to Buy Buy Baby, Inc., a customer of Plaintiff and distributor of Plaintiff's products, in which Defendant asserted that Plaintiff's Green Sprouts Water Bottle Cap Adapter infringes Defendant's intellectual property rights in its Reversible Nipple Adapter / Water Bottle Adapter and asserting in particular infringement of the '831 patent, as well as trademark, and copyright rights. A copy of the letter is attached hereto as Exhibit C.

21. In its November 10, 2011 letter, Defendant claims that the Reversible Nipple Adapter / Water Bottle Adapter which it asserts is covered by the '831 patent is sold under the AQUASIP brand.

22. A picture depicting an AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter is attached hereto as Exhibit D and incorporated herein by reference.

23. Plaintiff's Green Sprouts Water Bottle Cap Adapter and Defendant's Reversible Nipple Adapter / Water Bottle Adapter are collectively referred to herein as "nipple adapters."

24. Plaintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of Catton U.S. Patent No. 7,552,831, either literally or under the Doctrine of Equivalents.

25. One or more claims of the '831 patent are invalid and/or enforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112, and all applicable rules and regulations thereto.

26. Even if there were patent infringement, Defendant would not be entitled to injunctive relief because any alleged injury to Defendant is not immediate or irreparable, and Defendant has an adequate remedy at law.

27. One or more of Defendant's claims are barred, in whole or in part, by the doctrines of estopels, laches and/or waiver.

28. Contrary to Defendant's assertions, the claims of the '831 patent do not in fact cover the AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter.

29. Defendant has tortiously and improperly attempted to restrict competition in the market for nipple adapters by over-reaching assertion of patent, trademark, trade dress and copyright rights, including but not limited to claiming infringement of its asserted '831 Patent, which are not properly subject to such protection; by asserting rights that, even if they existed, are not infringed by Plaintiff's Green Sprouts Water Bottle Cap Adapter; and by attempting to restrict, hinder and/or interfere with Plaintiff's sale and distribution of its Green Sprouts Water Bottle Cap Adapter.

30. Defendant has threatened legal proceedings against the Plaintiff, directly contacted Plaintiff's customers, asserted wrongly that Plaintiff has violated or interfered with Defendant's patent, trademark, trade dress and copyright rights and protections, and Defendant has threatened to file a lawsuit against Plaintiff for patent infringement, and possibly also trademark and trade dress infringement. Accordingly, Plaintiff is in reasonable belief that its marketing, sales and distribution of its products, in which Plaintiff has invested substantial sums, are in jeopardy, and Plaintiff has a reasonable apprehension that it will be sued by Defendant if it continues to market and sell its Green Sprouts Water Bottle Cap Adapter.

31. Defendant has threatened legal proceedings to interfere with Plaintiff's sales and marketing of its Green Sprouts Water Bottle Cap Adapter, asserting purported patent, trademark, trade dress and copyright infringement, but such assertions are without reasonable factual or legal basis and are a thinly disguised attempt by Defendant to inhibit, delay, impede and otherwise adversely impact Plaintiff's marketing and sales and to inhibit competition in the market place common to Plaintiff and Defendant.

## COUNT 1

**(Declaration of Nonfringement of U.S. Patent No 7,553,831)**

32. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

33. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

34. Plaintiff seeks a declaratory judgment that Plaintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '831 patent, either literally or under the Doctrine of Equivalents.

## COUNT 2

**(Declaration of Invalidity of U.S. Patent No 7,553,831)**

35. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

36. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

37. Plaintiff seeks a declaratory judgment that the claims of the '831 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112.

## COUNT 3

**(False Patent Marking)**

38. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

39. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

40. Defendant, either directly or through its licensee, has marked the words "U.S. Patent # 7,552,831" on packaging for the "AquaSip Water Bottle Adapter" in violation of 35 U.S.C. § 292(a).

41. Plaintiff has suffered a competive injury and seeks recovery of damages under 35 U.S.C. § 292(b), as well as a declaratory judgment that the claims of the '831 patent do not cover the AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter.

## COUNT 4

**(Declaration of Noninfringement of Trade Dress or Trademark Rights)**

42. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

43. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

44. Plaintiff's Green Sprouts Water Bottle Cap Adapter was designed with no intent to trade off goodwill, if any exists, of Defendant's AQUASIP model Reversible Nipple Adapter / Water Bottle Adapter.

45. Defendant asserts trademark and trade dress protection with respect to its AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter which are characterized by functional features, and which do not distinguish, identify or relate to any feature or characteristic peculiar to Defendant's products, and/or are in such widespread use that they are not properly subject to trade dress protection.

46. Plaintiff seeks a declaratory judgment pursuant to 15 U.S.C. §1119, 28 U.S. C. 2201 and F.R.C.P. Rule 57 that:

   a. Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter is not properly subject to trade dress or trademark protection, and that the asserted trade dress and trademark protection is invalid and unenforceable;

b. Even if Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter were subject to trade dress or trademark protection, Plaintiff's Green Sprouts Water Bottle Cap Adapter is not likely to be confused with any alleged trade dress or trademark of the Defendant and does not infringe any of Defendant's trade dress or trademark rights; and

c. Plaintiff has not engaged in unfair competition.

47. Plaintiff seeks declaration by this Court that this dispute is an exceptional case as described by 15 U.S.C. §1117, in light of the fact that the likely cost of attorneys' fees and expenses of litigating this dispute are reasonably likely to ultimately exceed Plaintiff's monetary damages and the monetary impact of Defendant's actions upon Plaintiff's business reputation and good will.

## COUNT 5

### (Declaration of Noninfringement of Copyright)

48. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

49. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

50. Defendant asserts copyright protection with respect to its AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter which does not contain original authorship.

51. Plaintiff seeks a declaratory judgment pursuant to 15 U.S.C. §1119, 28 U.S. C. 2201 and F.R.C.P. Rule 57 that:

a. Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter is not properly subject to copyright protection, and that the asserted copyright protection is invalid and unenforceable; and

b. Even if Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter were subject to copyright protection, Plaintiff's Green Sprouts Water Bottle Cap Adapter does not infringe any of Defendant's copyright rights.

## COUNT 6

**(Unfair Competition and Unfair and Deceptive Trade Practices)**

52. Plaintiff repeats and incorporates by reference the allegations of the foregoing paragraphs of this Complaint.

53. Defendant's actions in attempting to unfairly monopolize the sale of nipple adapters are oppressive, unfair and constitute unfair competition and unfair and deceptive trade practices as defined by the laws of the United States of America and the State of North Carolina, including but not limited to N.C.G.S. §75.1-1.

54. Plaintiff has been damaged in an amount in excess of $75,000.00 as the direct and proximate result of each of Defendant's unfair competition and unfair and deceptive trade practices.

55. Plaintiff is entitled to recovery of treble damages and, in the discretion of the Court, reasonable attorneys' fees by virtue of Defendant's unfair and deceptive trade practices.

**WHEREFORE**, Plaintiff prays the Court as follows:

1. That the Court declare that Plaintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '831 patent, either literally or under the Doctrine of Equivalents;

2. That the Court declare the claims of the '931 patent are invalid;

3. That the Court award Plaintiff damages under 35 U.S.C. § 292(b) for false marking, as well as declare that the claims of the '831 patent do not cover the AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter.

4. That the Court declare that Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter is not properly subject to trade dress or trademark protection, that the asserted trade dress and trademark protection is invalid and unenforceable, and that, even if Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter were subject to trade dress or trademark protection, Plaintiff's Green Sprouts Water Bottle Cap Adapter is not likely to be confused with any alleged trade dress or trademark of the Defendant and does not infringe any of Defendant's asserted trade dress or trademark rights.

5. That the Court declare that Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter is not properly subject to copyright protection, that the asserted copyright protection is invalid and unenforceable, and even if Defendant's AQUASIP brand Reversible Nipple Adapter / Water Bottle Adapter were subject to copyright protection, Plaintiff's Green Sprouts Water Bottle Cap Adapter does not infringe any of Defendant's copyright rights.

6. That the Court enjoin Defendant from further contacting any of Plaintiff's customers with charges of infringement with reference to Plaintiff's Green Sprouts Water Bottle Cap Adapter.

7. That Plaintiff have and recover judgment against Defendant D. Catton Enterprise, LLC, for monetary damages in an amount in excess of Seventy-Five Thousand Dollars, together with interest at the legal rate until satisfied and the costs of this action;

8. That, upon appropriate findings of fact and conclusions of law, Plaintiff recover treble damages as a result of Defendant's unfair and deceptive trade practices;

9. That the Court award Plaintiff, in its discretion, its reasonable attorneys' fees;

10. That the Court enter judgment declaring the trademark rights of the parties as set forth more fully in paragraph 31 or, in the alternative, in paragraph 32 herein;

11. That there be a trial by jury; and

12. That the Court award such other and further relief as may appear appropriate and equitable in the circumstances.

R&S 899172-1

Respectfully submitted, this the 3rd day of February, 2012.

              ROBERTS & STEVENS, P.A.

         BY:  s/ Mark C. Kurdys
             MARK C. KURDYS
             N.C. Bar No.
             ANN-PATTON HORNTHAL
             N.C. Bar No. 35477
             Attorneys for Plaintiff
             P. O. Box 7647
             Asheville, NC 28802
             Telephone: (828) 252-6600
             Facsimile: (828) 253-7200
             mkurdys@roberts-stevens.com
             aphornthal@roberts-stevens.com


              CARTER & SCHNEDLER, P.A.

         BY:  s/ Steven C. Schnedler
             STEVEN C. SCHNEDLER
             N.C. Bar Number: 16957
             Attorney for Plaintiff
             P. O. Box 2985
             Asheville, NC 28802
             Phone: (828) 252-6225
             Fax: (828) 252-6316
             schnedler@ashevillepatent.com