IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:12cv22

| | |
|---|---|
| i play, inc.,<br><br>                Plaintiff,<br><br>   vs.<br><br>D. Catton Enterprise, LLC, a New York<br>Limited Liability Company,<br><br>                Defendant. | **PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT D. CATTON ENTERPRISE, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER** |

NOW COMES i play, inc. ("Plaintiff"), by and through counsel, and hereby moves this Court for an order authorizing i play to take limited early discovery as to Defendant D. Catton Enterprises, LLC ("Defendant") and granting an extension of time for Plaintiff to respond to Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction or, in the alternative, motion to transfer this action to the Eastern District of New York, pursuant to F.R.C.P. 12(b)(2) and U.S.C. § 1406. [Doc. 14]. In support of this Motion, Plaintiff states as follows:

1. On February 3, 2012, Plaintiff filed a complaint in this action [Doc. 1] alleging, *inter alia*, that Defendant has licensed a reversible nipple adapter (or water bottle adapter) sold under the AQUASIP brand (the "Reversible Nipple Adapter / Water Bottle Adapter") asserted to be covered by U.S. Patent No. 7,552,831 titled "Reversible Nipple Adapter" (the "'831 Patent"), to Frederick Hart Co., Inc. d/b/a Compac Industries, Inc. ("Hart"). [Doc. 1 at ¶¶ 9-11].

2. Plaintiff further alleged that, pursuant to the license, the Frederick Hart Co. sells Nipple Adapter / Water Bottle Adapter products , throughout the United States, in the State of North Carolina, and in the Western District of North Carolina, both over the internet through a variety of websites, including www.amazon.com, www.diapers.com, www.kidstoreandmore.com, and www.wayfair.com., and at retail outlets, including in Sears and K-Mart retail stores and labels those products as being protected by the Catton '831 patent. . [Doc. 1 at ¶¶11-12].

3. Plaintiff further alleged that Defendant directed a letter to one of Plaintiff's customers alleging patent, copyright, and trademark infringement by Plaintiff of the '831 Patent. [Doc. 1 at ¶¶ 20-21; Doc. 1-3].

4. On July 9, 2012, Defendant filed a Motion to Dismiss and a Memorandum of Law in support thereof, seeking dismissal pursuant to F.R.C.P. 12(b)(2) on the grounds that this Court lacks personal jurisdiction over Defendant.

5. In support of its Motion to Dismiss, Defendant submitted the Affidavit of David Catton, the owner and president of the Defendant entity. In his Affidavit, Mr. Catton claims that a letter sent to Plaintiff's customer asserting infringement by Plaintiff was *not* sent by Catton's attorney, Mr. LoCicero as alleged by Plaintiff but was, instead, prepared by his attorney so "that it could be distributed to potential customers" and that he "provided that letter to . . . Hart, so that Hart could sent it to potential customers . . ." [Doc. 15-1, ¶ 6]. Defendant claims that, other than its communications with Plaintiff in the forum in which Defendant

asserted infringement, it has no other contacts with Plaintiff or the State of North Carolina. [Doc. 15-1, ¶ 5, 7].

6. Defendant's conclusory allegations are contrary to the allegations in the Complaint, which allegations are supported by Exhibits to the Complaint, and do not provide the Court with sufficient factual information that would enable the Court to assess whether Defendant's license agreement and relationship with Hart or its directions to Hart with respect to the letter do or do not constitute significant contacts by Defendant in the forum. Defendant concedes that Hart is its authorized seller and that Defendant prepared the letter for Hart to distribute to potential customers. Defendant does not deny that Hart sells Defendant's products in the forum. Further, Defendant affirmatively asserts that it previously sold its patented products. It is not apparent from the materials submitted whether Defendant instructed Hart to send the letter to potential customers in the forum state or whether Hart did in fact send the letter to customers in the forum state.

7. Furthermore, more information about Defendant's license agreement with Hart is necessary to apply this Court and the Federal Circuit's jurisdictional jurisprudence as set forth in the case cited by Defendant, <u>Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.</u>, 444 F.3d 1356, 1364-1368 (Fed. Cir. 2006). In <u>Breckenridge</u>, the Federal Circuit explained its precedence from, *inter alia*, <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995) and <u>Genetic Implant Sys. v. Core-Vent Corp.</u>, 123 F.3d 1455, 1457-59 (Fed. Cir. 1997) as follows: "Where a defendant-licensor has a relationship with an exclusive licensee headquartered or

R&S 954658-1

Case 1:12-cv-00022-MR   Document 16   Filed 07/20/12   Page 3 of 6

doing business in the forum state, the inquiry requires **close examination** of the license agreement." Id. at 1366.

8. Defendant concedes that it previously sold the Reversible Nipple Adapter / Water Bottle Adapter prior to the time it licensed the '831 Patent to Hart at which time Hart became the exclusive seller, but Defendant does not state where it sold the product up until this time or the amount of its sales. [Doc. 15-1, ¶ 4].[1] This information is relevant to the personal jurisdiction inquiry under the Federal Circuit holdings in Genetic Implant and Breckenridge. Breckenridge, 444 F.3d at 1365 (noting that personal jurisdiction over a defendant corporation was supported when it "developed a valuable customer base and generated goodwill through advertising and educational initiatives that potentially enhanced the future sales of its exclusive distributor") (discussing Genetic Implant, 123 F.3d at 1458).

9. Plaintiff's proposed limited discovery for jurisdictional purposes is attached hereto as Exhibit 1.

10. Plaintiff requests, if this Motion is granted, that:

    a. Defendant be required to respond to the Interrogatories and Requests for Production of Documents 30 days from entry of the order; and

---

[1] Discovery is also needed to determine the time period in which Defendant sold or sells the Reversible Nipple Adapter / Water Bottle Adapter. Although Mr. Catton states in his affidavit that Defendant has not sold since 2005 [Doc. 15-1, ¶ 4], the letter from his attorney dated November 10, 2011 infers that Catton was still selling the product at that time. [Doc. 1-3 ("Catton is a designer, seller, and licensor of original, innovative high quality child and infant accessories, which Catton protects through patents, trademarks and copyrights. One such product is the water bottle adapter sold under the AQUAS IP brand.").

R&S 954658-1
Case 1:12-cv-00022-MR   Document 16   Filed 07/20/12   Page 4 of 6

b. Plaintiff be allowed 45 days from receipt of the discovery responses to respond to ECF Doc. 15 in order to allow Plaintiff time to evaluate any produced information and take any necessary depositions relating to the personal jurisdiction issue.

11. Counsel for Plaintiff has conferred with counsel for Defendant and has attempted in good faith to obtain Defendant's consent to the taking of limited early discovery on the narrow issue of personal jurisdiction by this Court over the Defendant. Defendant does not consent to Plaintiff's request.

This the 20th day of July, 2012.

                                ROBERTS & STEVENS, P.A.

                 BY:   s/ Ann-Patton Hornthal
                        ANN-PATTON HORNTHAL
                        N.C. Bar No. 35477
                        MARK C. KURDYS
                        N.C. Bar No. 13374
                        Attorneys for Plaintiff
                        P. O. Box 7647
                        Asheville, NC 28802
                        Telephone: (828) 252-6600
                        Facsimile: (828) 253-7200
                        aphornthal@roberts-stevens.com
                        mkurdys@roberts-stevens.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant D. Catton Enterprise, LLC's Motion to Dismiss or, in the Alternative, Motion to Transfer** in the above entitled action, was served with the Clerk of Court using the CM/ECF system, and served electronically on all parties of record.

This the 20th day of July, 2012.

s /Ann-Patton Hornthal