THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12cv22

| | |
|---|---|
| i play, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| D. CATTON ENTERPRISE, LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant D. Catton Enterprise, LLC's Motion to Dismiss or, In the Alternative, Motion to Transfer [Doc. 16].

On February 3, 2012, the Plaintiff initiated this action alleging, *inter alia*, that the Defendant has licensed to Frederick Hart Co., Inc. d/b/a Compac Industries, Inc. ("Hart") a reversible nipple adapter (or water bottle adapter) sold under the AQUASIP brand (the "Reversible Nipple Adapter/Water Bottle Adapter") asserted to be covered by U.S. Patent No. 7,552,831 ("the '831 Patent"). [Doc. 1]. The Plaintiff further alleges that, pursuant to this license, Hart sells Reversible Nipple Adapter/Water Bottle Adapter products throughout the United States, including the State of North Carolina. [Doc. 1

at ¶¶ 11-12]. The Plaintiff further alleges that the Defendant directed a letter to one of the Plaintiff's customers wherein Defendant alleged that Plaintiff had infringed on Defendant's copyright, trademark and its '831 Patent. [Id. at ¶¶ 20-21; Doc. 1-3]. Plaintiff brought this action seeking, *inter alia*, a declaration that it has not infringed the '831 Patent and an injunction barring the Defendant from contacting Plaintiff's customers.

On July 9, 2012, the Defendant filed a motion to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over the Defendant. [Doc. 14]. In response to the Defendant's motion, the Plaintiff filed the present motion, seeking leave to take early discovery on the jurisdictional issue and seeking an extension of time to respond to the Defendant's motion to dismiss. [Doc. 16]. While not opposing the Plaintiff's request for an extension of time, the Defendant opposes the Plaintiff's request for early discovery. [Doc. 19].

Because jurisdictional discovery is an issue that is not unique to patent law, the Court applies the law of the Fourth Circuit in determining whether jurisdictional discovery would be appropriate. See Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222, 1235 (Fed. Cir. 2010), cert. denied, 131 S.Ct. 3091, 180 L.Ed.2d 912 (2011). "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." Base Metal Trading, Ltd. v. OJSC

"Novokuznetsky Aluminum Factory", 283 F.3d 208, 216 (4th Cir. 2002). To obtain jurisdictional discovery, a plaintiff must produce more than conclusory assertions and bare allegations of the Defendant's contact with the forum state. See Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition").

Upon careful review of the Plaintiff's motion, and the entire record of this cause, the Court concludes that the Plaintiff has shown good cause for allowing early discovery on the limited issue of personal jurisdiction. The Court further finds that the discovery requests proposed by the Plaintiff [see Doc. 16-1] are reasonable in scope and not unduly burdensome. Accordingly, the Plaintiff's motion is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant D. Catton Enterprise, LLC's Motion to Dismiss or, In the Alternative, Motion to Transfer [Doc. 16] is **GRANTED** as follows:

(1) Defendant shall respond to the Plaintiff's Interrogatories and Requests for Production of Documents [Doc. 16-1] within thirty (30) days of service thereof;

(2) Any depositions related to the personal jurisdiction issue shall be taken within thirty (30) days from Plaintiff's receipt of the Defendant's discovery responses; and

(3) Plaintiff shall have forty-five (45) days from receipt of the Defendant's discovery responses to respond to the Defendant's Motion to Dismiss [Doc. 15].

**IT IS SO ORDERED.**

Signed: August 28, 2012

Martin Reidinger
United States District Judge