THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12cv22

| | | |
|---|---|---|
| i play, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| D. CATTON ENTERPRISE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Defendant's Discovery Responses [Doc. 26].

## I. PROCEDURAL BACKGROUND

The Plaintiff filed this patent infringement case on February 3, 2012. [Doc. 1]. On July 9, 2012, the Defendant filed a motion to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over the Defendant. [Doc. 14]. In response to the Defendant's motion, the Plaintiff filed a motion seeking leave to take early discovery on the jurisdictional issue and seeking an extension of time to respond to the Defendant's motion to dismiss. [Doc. 16]. The Court granted the Plaintiff's request for expedited discovery on August 28, 2012, imposing the following deadlines on the parties:

> (1) Defendant shall respond to the Plaintiff's Interrogatories and Requests for Production of Documents [Doc. 16-1] within thirty (30) days of service thereof;
>
> (2) Any depositions related to the personal jurisdiction issue shall be taken within thirty (30) days from Plaintiff's receipt of the Defendant's discovery responses; and
>
> (3) Plaintiff shall have forty-five (45) days from receipt of the Defendant's discovery responses to respond to the Defendant's Motion to Dismiss [Doc. 15].

[Doc. 21 at 4].

The Plaintiff served its Interrogatories and Requests for Production of Documents on August 29, 2012. On October 2, 2012, the Court granted the Defendant's Motion for an Extension of Time to respond to the discovery up to October 15, 2012. [Doc. 23]. On October 5, 2012, the Defendant served verified responses to the discovery but did not produce any documents responsive to the requests. In response to the Defendant's objections and confidentiality concerns, on October 9, 2012, counsel for the Plaintiff drafted and proposed a Consent Protective Order, which was agreed to by the parties and entered by the Court on October 15, 2012. [Doc. 25]. Also on October 9, 2012, counsel for the Plaintiff sent counsel for the Defendant a good faith letter in an attempt to resolve the remaining discovery disputes. The Defendant, however, has not supplemented its discovery responses.

The Plaintiff now moves the Court to compel the Defendant to respond to the Plaintiff's Request for Production of Documents and to provide full and complete responses to the Plaintiff's Interrogatories. Additionally, the Plaintiff moves for an award of its expenses, including attorneys' fees, incurred in making this motion. [Doc. 26].

The Defendant's Response to the Plaintiff's Motion to Compel was due on November 5, 2012. On October 29, 2012, the Defendant filed a motion requesting an additional thirty (30) days, through and including November 28, 2012, to respond to the Plaintiff's Motion to Compel and to produce the requested discovery. [Doc. 28]. The Court denied the Defendant's Motion by a text order entered November 2, 2012. The Defendant did not respond to the Plaintiff's Motion to Compel by the November 5, 2012 deadline. This motion, therefore, is ripe for disposition.

## II. ANALYSIS

As a general rule, parties in a civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatory or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit ... have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Gainey v. Alliance One, No. 1:11cv279, 2012 WL 3262428, at *1 (W.D.N.C. Aug. 9, 2012) (Howell, Mag. J.).

Upon review of the Plaintiff's Motion, and in light of the lack of response by the Defendant, the Court will grant the Plaintiff's Motion to Compel. The Defendant will be required to respond to the Plaintiff's Request for Production of Documents and to provide full and complete responses to the Plaintiff's Interrogatories within twenty-one (21) days of the entry of this Order. Only once the Defendant has provided full and complete responses to the Plaintiff's written discovery will the 30- and 45-day deadlines set forth in paragraphs 2 and 3 of the Court's August 28, 2012 Order be triggered.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Defendant's Discovery Responses [Doc. 26] is **GRANTED**. The Defendant

shall respond to the Plaintiff's Request for Production of Documents and provide full and complete responses to the Plaintiff's Interrogatories within twenty-one (21) days of the entry of this Order. Only once the Defendant has provided full and complete responses to the Plaintiff's written discovery will the 30- and 45-day deadlines set forth in paragraphs 2 and 3 of the Court's August 28, 2012 Order be triggered.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of fees and expenses is **HELD IN ABEYANCE** pending further Order of this Court.

**IT IS SO ORDERED.**

Signed: November 7, 2012

Martin Reidinger
United States District Judge