IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-22-MR

| | |
|---|---|
| i play. inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>D. CATTON ENTERPRISE, LLC, a )<br>New York Limited Liability Company, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment. [Doc. 64]. For the reasons that follow, Plaintiff's motion will be denied without prejudice.

## PROCEDURAL BACKGROUND

Plaintiff i play.inc., commenced this action against Defendant D. Catton Enterprise, LLC ("DCE"), on February 3, 2012, by filing its Complaint. [Doc. 1]. In its original Compliant, Plaintiff asserted claims against DCE for: a declaration of non-infringement of U.S. Patent No. 7,553,831 (Count 1); a declaration of invalidity of U.S. Patent No. 7,553,831 (Count 2); false patent marking (Count 3); a declaration of non-

infringement of trade dress or trademark rights (Count 4); a declaration of non-infringement of copyright (Count 5); and, unfair and deceptive trade practices (Count 6). [Doc. 1]. The Complaint prayed for declaratory, injunctive, and compensatory relief, as well as treble damages, costs, and attorneys' fees. [Id. at 11-12]. DCE responded, on July 9, 2012, by filing a motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer this matter to the Eastern District of New York where DCE's headquarters are located. [Doc. 14]. In response to DCE's motion, the Plaintiff sought leave to take early discovery on the issue of in personam jurisdiction prior to responding to DCE's motion to dismiss. [Doc. 16]. The Court granted the Plaintiff's request for expedited jurisdictional discovery on August 28, 2012. [Doc. 21].

The jurisdictional discovery permitted by the Court brought about less than satisfactory compliance thereto by DCE and the imposition of sanctions on it for its recalcitrance. [Doc. 46]. Further, the Court denied DCE's alternative motions to dismiss for lack of personal jurisdiction or to change venue. [Id.]. Finally, the Court granted Plaintiff's motion to amend its Complaint. [Id.].

Plaintiff filed its Amended Complaint on April 1, 2013, [Doc. 47], wherein it asserted the same claims as set forth in its original Complaint,

added as a new Defendant Frederick Hart Co., Inc., d/b/a Compac Industries, Inc. ("Hart"), added an additional claim for civil conspiracy between the two Defendants, and amended the unfair and deceptive trade practices claim to include allegations of the Defendants' coordinated efforts to harm Plaintiff. [Id.]. Like the original Complaint, the Amended Complaint prays for declaratory, injunctive, and compensatory relief. Concerning the civil conspiracy and unfair and deceptive trade practices claims, Plaintiff seeks treble damages, costs, and attorneys' fees against both Defendants, jointly and severally. [Id. at 14-15].

Shortly after Plaintiff filed its Amended Complaint, the Court permitted local counsel and pro hac vice counsel appearing for DCE to withdraw. [Docs. 55; 61]. Simultaneously with the release of pro hac vice counsel for DCE, the Court ordered DCE to obtain new counsel and answer Plaintiff's Amended Complaint by May 31, 2013. [Doc. 61]. Being a limited liability company, DCE cannot appear in this proceeding without properly admitted counsel. DCE failed both to obtain new counsel and to answer the Amended Complaint. As a result, the Court directed the Clerk to enter default against DCE on June 11, 2013. [Doc. 62]. The Clerk entered default against DCE that day. [Doc. 63].

On August 1, 2013, Plaintiff filed its Motion for Default Judgment as to DCE only. [Doc. 64]. On August 16, 2013, the Court ordered Plaintiff to show cause for its failure to perfect service of process on Hart. [Doc. 68]. Plaintiff responded to the Court's show cause order with a Status Report filed August 27, 2013. [Doc. 69]. In its Status Report, the Plaintiff indicated its "failure to serve additional defendant [Hart] was intentional" citing as its reasons:

> i) the indication by defendant Catton Enterprises, through its owner and president David Catton, that it would not respond to the Amended Complaint or otherwise defend against Plaintiff's claims; ii) the procedural complications and hurdles to obtaining default judgment against one defendant while the action was pending against another defendant; and iii) the lack of evidence, upon investigation by counsel, of ongoing/further action by Hart Industries to unfairly interfere with Plaintiff's marketing of its products since the letter dated November 10, 2011 (Doc 1-3) was provided by Hart Industries' Vice President to a buyer at Buy Buy Baby™, a major customer of Plaintiff.

[Doc. 69 at 1-2]. Additionally, Plaintiff stated, "Hart Industries is a proper party but not a necessary party to defendant's action. Hart is a joint and several tortfeasor with respect to Plaintiffs' allegations of unfair and deceptive trade practices[.]" [Id. at 2]. On August 29, 2013, the Court entered an order [Doc. 70] dismissing Hart from this matter without prejudice based upon Plaintiff's concession "that its action against Hart

Industries, Inc. should be dismissed without prejudice for failure to timely serve that Defendant." [Doc. 69 at 2].

## **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(1) permits the Clerk, in limited circumstances not present here, to enter a default judgment against a party. "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2). A claimant is not entitled to a judgment by default as a matter of right. "The dispositions of motions for entries of defaults and default judgments … are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Further, the "court may conduct hearings or make referrals … when, to enter or effectuate judgment" it needs to determine the amount of damages or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(B) & (D).

In this matter, Plaintiff's Motion for Default Judgment is wanting in several respects thus preventing the Court from entering default judgment against DCE. First, with regard to the equitable relief it seeks, Plaintiff would have the Court enjoin DCE from "further contacting any of Plaintiff's customers with charges of infringement with reference to Plaintiff's Green

5

Sprouts Water Bottle Cap Adapter[.]" [Doc. 65 at 11]. Taking the Plaintiff's Amended Complaint allegations against the defaulted defendant as true, <u>Nishimatsu Const. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975), however, indicates only that DCE provided one infringement letter directly to Hart and Hart then emailed a copy of that letter to a buyer at a major customer of Plaintiff. [Doc. 47 at 5]. In short, Plaintiff's pleading establishes only one bad act of DCE. This prior bad act of DCE, taken together with Plaintiff's concession regarding "the lack of evidence, upon investigation by counsel, of ongoing/further action by Hart Industries to unfairly interfere with Plaintiff's marketing of its products since the [infringement] letter … was provided by Hart" [Doc. 69 at 2], indicates that Plaintiff no longer suffers from an immediate or future irreparable injury. Therefore, without any further showing by the Plaintiff, no injunction is warranted in this matter. <u>eBay Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391 (2006) (injunctive relief is appropriate where the plaintiff risks suffering irreparable harm and monetary remedies are inadequate).

Second, Plaintiff seeks in its Amended Complaint several declaratory judgments by the Court regarding the validity of U.S. Patent Number 7,553,831, and whether Plaintiff's products and marketing infringe upon DCE's intellectual property rights. <u>See</u> Counts 1 through 5 in the Amended

6

Complaint. [Doc. 47 at 8-11]. Plaintiff, however, has failed entirely to allege any facts that would permit the Court to fashion any declaratory judgment Plaintiff so desires. The effect of DCE's default is that the specific facts pleaded by Plaintiff are deemed admitted. Nishimatsu, 515 F.2d at 1206. Without any specific factual allegations regarding Plaintiff's product, or the nature and basis of the asserted invalidity of DCE's patent, or any facts setting forth how Plaintiff's product and marketing do not infringe upon DCE's intellectual property rights, the Court has no basis upon which to declare anything about the patent at issue or the parties' products. "This is rather like deleting the ingredients portion of a recipe and telling the cook to proceed[.]" United States v. Booker, 543 U.S. 220, 307 (2005) (Scalia, J., dissenting). The Plaintiff's Amended Complaint consists almost entirely of legal conclusions and conclusory statements regarding the patent and whether it was infringed. These are insufficient to obtain a declaratory judgment by default.

Finally, with regard Plaintiff's claims against DCE for civil conspiracy and for unfair and deceptive trade practices, the Court is legally precluded from entering default judgment against DCE under the current posture of this case. The basis for the Court's conclusion stems from the Supreme Court's decision in Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872), and

7

the fact that Hart's dismissal from this action was without prejudice.

In Frow, the plaintiff brought suit against several land owners claiming they had defrauded him in a land transaction regarding a particular tract. Id., 82 U.S. (15 Wall.) at 553. All defendants except Frow filed timely answers. Default judgment was entered against Frow awarding plaintiff title to the land and an injunction against Frow. Following a trial on the merits, however, judgment was entered against the plaintiff and his action was dismissed. Frow appealed his default judgment and the Supreme Court reversed. [Id.]. The Court began with this observation:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

82 U.S. (15 Wall.) at 554. The Court held that the proper manner of proceeding where joint liability is alleged and one (or more defendants) fail to answer,

> is simply to enter a default … against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot

8

> be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

[Id.]. In accord, United States, *ex rel.*, Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967) (dismissal without prejudice of principal precludes entry of default judgment against surety).

As alleged in the last two counts of the Amended Complaint, Plaintiff's claims against DCE and Hart are inextricably intertwined. [Doc. 47 at 5-8]. On the one hand, Plaintiff's unfair and deceptive trade practices and civil conspiracy claims against Hart are (were) dependent on there being no infringement by Plaintiff of DCE's patent or other intellectual property. On the other hand, these same claims alleged by Plaintiff against DCE are dependent upon Hart's unlawful and deceptive act of publishing DCE's infringement letter to one of Plaintiff's major customers. Plaintiff's claims against one conspirator are *of necessity* interwoven with the claims against the coconspirator. This is confirmed by Plaintiff's assertion that the actions of DCE and Hart were a coordinated effort to harm Plaintiff for which both should be held jointly and severally liable. [Doc. 47 at 12-15]. As such, the Plaintiff's claims against the dismissed Defendant wand DCE

9

are more interdependent than even those found in Hudson.[1]

Plaintiff thus has two options to remedy this potential "absurdity." It can dismiss Hart with prejudice by amended notice, or it can seek a dismissal without prejudice as to DCE and start anew.

## **ORDER**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 64] as to Defendant D. Catton Enterprise, LLC, is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 20, 2014

Martin Reidinger
United States District Judge

---

[1] This is in contrast with situations where the claims are not dependent or so closely connected. Cf. Hurtado v. Indonesian Music, 1:12cv152 (WDNC)