# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-22-MR

| | |
|---|---|
| **i play. inc.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **D. CATTON ENTERPRISE, LLC,** a ) | |
| **New York Limited Liability Company,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

Plaintiff i play.inc., commenced this action against defendant D. Catton Enterprise, LLC ("DCE"), on February 3, 2012, by filing its Complaint. [Doc. 1]. Plaintiff filed its Amended Complaint on April 1, 2013, wherein it added as a new defendant Frederick Hart Co., Inc., d/b/a Compac Industries, Inc. ("Hart"), added an additional claim for relief, and amended a claim previous alleged in the original Complaint. [Doc. 47]. Plaintiff, however, never perfected service of process on Hart. On August 29, 2013, the Court entered an Order [Doc. 70] dismissing Hart from this matter without prejudice based upon Plaintiff's concession "that its action

against Hart Industries, Inc. should be dismissed without prejudice for failure to timely serve that Defendant." [Doc. 69 at 2].

Shortly after Plaintiff filed its Amended Complaint, the Court permitted local counsel and pro hac vice counsel appearing for DCE to withdraw. [Docs. 55; 61]. Simultaneously with the release of pro hac vice counsel for DCE, the Court ordered DCE to obtain new counsel and answer Plaintiff's Amended Complaint by May 31, 2013. [Doc. 61]. DCE failed both to obtain new counsel and to answer the Amended Complaint. As a result, the Court directed the Clerk to enter default against DCE on June 11, 2013. [Doc. 62]. The Clerk entered default against DCE that day. [Doc. 63].

On August 1, 2013, Plaintiff filed its Motion for Default Judgment as to DCE. [Doc. 64]. The Court denied Plaintiff's motion without prejudice by Order entered March 20, 2014. [Doc. 71]. The Court's denial of Plaintiff's motion stemmed from the fact that Plaintiff's Amended Complaint was "wanting in several respects thus preventing the Court from entering default judgment against DCE." [Id. at 5]. Thereafter, the Court identified Plaintiff's insufficiencies preventing the Court from entering judgment. [Id. at 5-10]. Since the entry of the Court's denial Order, Plaintiff has taken no further action in this case.

**ACCORDINGLY**, **IT IS, THEREFORE, ORDERED** that within fourteen (14) days of the entry of this Order, the Plaintiff shall cure the deficiencies identified by the Court in its Order entered on March 20, 2014. The Plaintiff is advised that failure to take such action will result in the dismissal of its claims against defendant DCE and the termination of DCE from this matter.

**IT IS SO ORDERED.**

Signed: September 5, 2014

Martin Reidinger
United States District Judge