IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-22-MR

| | |
|---|---|
| **i play. inc.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF DISMISSAL** |
| ) | **WITHOUT PREJUDICE** |
| ) | |
| **D. CATTON ENTERPRISE, LLC, a** ) | |
| **New York Limited Liability Company,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for default judgment [Doc. 64] and Plaintiff's amended motion for default judgment. [Doc. 73]. For the reasons that follow, the Court will dismiss this action without prejudice.

## PROCEDURAL BACKGROUND

Plaintiff i play.inc., commenced this action against Defendant D. Catton Enterprise, LLC ("DCE"), on February 3, 2012, by filing its Complaint. [Doc. 1]. In its original Compliant, Plaintiff asserted claims against DCE for: a declaration of non-infringement of U.S. Patent No. 7,553,831 (Count 1); a declaration of invalidity of U.S. Patent No. 7,553,831 (Count 2); false patent marking (Count 3); a declaration of non-

infringement of trade dress or trademark rights (Count 4); a declaration of non-infringement of copyright (Count 5); and, unfair and deceptive trade practices (Count 6). [Doc. 1]. The Complaint prayed for declaratory, injunctive, and compensatory relief, as well as treble damages, costs, and attorneys' fees. [Id. at 11-12]. DCE responded, on July 9, 2012, by filing a motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer this matter to the Eastern District of New York where DCE's headquarters are located. [Doc. 14]. In response to DCE's motion, the Plaintiff sought leave to take early discovery on the issue of in personam jurisdiction prior to responding to DCE's motion to dismiss. [Doc. 16]. The Court granted the Plaintiff's request for expedited jurisdictional discovery on August 28, 2012. [Doc. 21].

The jurisdictional discovery permitted by the Court brought about less than satisfactory compliance thereto by DCE and the imposition of sanctions on it for its recalcitrance. [Doc. 46]. Further, the Court denied DCE's alternative motions to dismiss for lack of personal jurisdiction or to change venue. [Id.]. Finally, the Court granted Plaintiff's motion to amend its Complaint. [Id.].

Plaintiff filed its Amended Complaint on April 1, 2013, [Doc. 47], wherein it asserted the same claims as set forth in its original Complaint,

2

but added a new Defendant Frederick Hart Co., Inc., d/b/a Compac Industries, Inc. ("Hart"), added an additional claim for civil conspiracy between the two Defendants, and amended the unfair and deceptive trade practices claim to include allegations of the Defendants' coordinated efforts to harm Plaintiff. [Id.]. Like the original Complaint, the Amended Complaint prays for declaratory, injunctive, and compensatory relief. Concerning the civil conspiracy and unfair and deceptive trade practices claims, Plaintiff seeks treble damages, costs, and attorneys' fees against both Defendants, jointly and severally. [Id. at 14-15].

Shortly after Plaintiff filed its Amended Complaint, the Court permitted local counsel and pro hac vice counsel appearing for DCE to withdraw. [Docs. 55; 61]. Simultaneously with the release of pro hac vice counsel for DCE, the Court ordered DCE to obtain new counsel and answer Plaintiff's Amended Complaint by May 31, 2013. [Doc. 61]. Being a limited liability company, DCE could not appear in this proceeding without properly admitted counsel. DCE failed both to obtain new counsel and to answer the Amended Complaint. As a result, the Court directed the Clerk to enter default against DCE on June 11, 2013. [Doc. 62]. The Clerk entered default against DCE that day. [Doc. 63].

On August 1, 2013, Plaintiff filed its Motion for Default Judgment as to DCE only. [Doc. 64]. On August 16, 2013, the Court ordered Plaintiff to show cause for its failure to perfect service of process on Hart. [Doc. 68]. Plaintiff responded to the Court's show cause order with a Status Report filed August 27, 2013. [Doc. 69]. In its Status Report, the Plaintiff indicated its "failure to serve additional defendant [Hart] was intentional" citing as its reasons:

> i) the indication by defendant Catton Enterprises, through its owner and president David Catton, that it would not respond to the Amended Complaint or otherwise defend against Plaintiff's claims; ii) the procedural complications and hurdles to obtaining default judgment against one defendant while the action was pending against another defendant; and iii) the lack of evidence, upon investigation by counsel, of ongoing/further action by Hart Industries to unfairly interfere with Plaintiff's marketing of its products since the letter dated November 10, 2011 (Doc 1-3) was provided by Hart Industries' Vice President to a buyer at Buy Buy Baby™, a major customer of Plaintiff.

[Doc. 69 at 1-2]. Additionally, Plaintiff stated, "Hart Industries is a proper party but not a necessary party to defendant's action. Hart is a joint and several tortfeasor with respect to Plaintiffs' allegations of unfair and deceptive trade practices[.]" [Id. at 2]. Based thereon, Plaintiff conceded "that its action against Hart Industries, Inc. should be dismissed without prejudice for failure to timely serve that Defendant," [Doc. 69 at 2], and therefore the Court acted in accord therewith. [Doc. 70].

On March 20, 2014, the Court entered an Order addressing the Plaintiff's default judgment motion directed at DCE. [Doc. 71]. The Court began its Order by observing that the Plaintiff's allegations in support of damages, as argued in its default judgment motion were, "wanting in several respects thus preventing the Court from entering default judgment against DCE." [Id. at 5]. These deficiencies pertained to both the equitable and declaratory relief sought by Plaintiff as well as Plaintiff's request for damages. [Id. at 5-8]. The Court concluded its Order by notifying the Plaintiff it had two options: "It can dismiss Hart with prejudice by amended notice, or it can seek a dismissal without prejudice as to DCE and start anew." [Id. at 10]. Following the entry of the Court's Order, Plaintiff took no action. As a result, the Court entered another Order on September 8, 2014, directing Plaintiff to "cure the deficiencies identified by the Court in its Order entered on March 20, 2014[,]" or suffer the dismissal of its action. [Doc. 72 at 3].

In response to the Court's two Orders, the Plaintiff elected to pursue neither option and, instead, filed its amended motion for default judgment. [Doc. 73]. Plaintiff's amended motion and supporting memorandum failed to cure any of the deficiencies noted by the Court in its previous Order. While Plaintiff expressly abandoned some of its claims in this amended

5

motion, it reiterated requests for some items of relief that the Court had indicated to Plaintiff were unsupported by the record.

## **DISCUSSION**

In considering a motion for default judgment, the Court will accept a complaint's factual allegations against the defaulted defendant as admitted. <u>Nishimatsu Const. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). Default judgment is proper, however, only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief. <u>See</u>, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2685 (3d ed. 1998) (Under Rule 55 "the party making the request [for default judgment] is not entitled to a default judgment as of right, even when defendant is technically in default.") (footnote omitted). While a party who fails to answer his opponent's pleading is deemed to have admitted the well-pleaded facts therein by his default, the Court must determine what relief, if any, flows from such facts. "By the early practice of the civil law, failure to appear at the day to which the cause was adjourned, was deemed a confession of the action; but in later times this

rule was changed, so that the plaintiff, notwithstanding the contumacy of the defendant, only obtained judgment in accordance with the truth of the case as established by an ex parte examination." Thomson v. Wooster, 114 U.S. 104, 110 (1885). In this regard, the federal civil rules provide that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct hearings or make referrals … when, to enter or effectuate judgment" it needs to determine the amount of damages or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(B) & (D). However, it is not necessary for a court to hold a hearing or refer a matter to determine damages for a default judgment when it can rely upon detailed affidavits and documentary evidence presented by a party. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

By its prior Orders entered in this matter, the Court notified the Plaintiff that the factual allegations set forth in its Amended Complaint were insufficient to support the relief sought in two ways. First, concerning Plaintiff's request for equitable relief, Plaintiff seeks an injunction prohibiting DCE from "further contacting any of Plaintiff's customers with charges of infringement with reference to Plaintiff's Green Sprouts Water Bottle Cap Adapter[.]" [Doc. 65 at 11]. Plaintiff's Amended Complaint allegations, however, indicate only that DCE provided one infringement letter directly to

7

Hart (the dismissed Defendant) and Hart then emailed a copy of that letter to a buyer at a major customer of Plaintiff. [Doc. 47 at 5]. In short, Plaintiff's pleading asserted only a single bad act by DCE. Further, this allegation of one prior bad act by DCE, taken together with Plaintiff's concession that there have been no further bad acts perpetrated by Hart [Doc. 69 at 2], is insufficient to support a legal conclusion that Plaintiff continues to suffer any immediate or future irreparable injury. Plaintiff's amended motion for default judgment does not address this particular issue at all, except that as part of its motion Plaintiff has asked that its "remaining claims" be dismissed. [Doc. 74 at 6]. Since Plaintiff does not include a request for any injunctive relief in its prayer for relief, the Court construes this request for dismissal to extend to the claims for injunctive relief.

The second deficiency in Plaintiff's Amended Complaint pertains to the omission of factual allegations sufficient to permit the Court to enter a declaratory judgment. Plaintiff seeks several declaratory judgments in its Amended Complaint regarding the validity of U.S. Patent Number 7,552,831, and whether Plaintiff's products and marketing infringe upon DCE's intellectual property rights. See Counts 1 through 5 in the Amended Complaint. [Doc. 47 at 8-11]. Plaintiff, in its Amended Complaint, failed entirely to allege any facts that would permit the Court to fashion any

declaratory judgment Plaintiff so desires. Plaintiff's three attachments are the Declaration of attorney Steven C. Schnedler [Doc. 74-1], a copy of U.S. Patent Number 7,552,831 [Doc. 74-2], and a letter written by Mr. Schnedler to DCE's counsel dated September 9, 2011. [Doc. 74-3]. Mr. Schnedler's Declaration is of no assistance to the Court because it consists of mere conclusions. "It is my professional opinion, consistent with and based upon my careful consideration of this matter, that the i play Green Sprouts Water Bottle Cap Adapter does not, in any way or under any cogent legal argument, infringe upon the Catton '831 patent." [Doc. 74-1 at 2]. The U.S. Patent Number 7,552,831, is likewise of no assistance. It merely sets forth DCE's patent. Mr. Schnedler's letter appears to have been written as a retort to some other communications conveyed by DCE containing accusations of infringement. Those accusations, however, *are found nowhere in the record*. The Court, in essence, has only half of the facts. As the Court stated in its previous Order, it "has no basis upon which to declare anything about the patent at issue or the parties' products. 'This is rather like deleting the ingredients portion of a recipe and telling the cook to proceed[.]' United States v. Booker, 543 U.S. 220, 307 (2005) (Scalia, J., dissenting)." [Doc. 71 at 7].

Finally, with regard Plaintiff's claims against DCE for civil conspiracy

and for unfair and deceptive trade practices, the Court is legally precluded from entering default judgment against DCE under the current posture of this case because of the Supreme Court's decision in Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872), and the Fourth Circuit's decision in United States *ex rel.* Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967). These cases, and the impact they have upon the present matter, were fully discussed in the Court's prior Order. [Doc. 71 at 7-10]. In short, the Court cannot enter a default judgment against DCE where Plaintiff has dismissed Hart from the case without prejudice because there exists a possibility that Hart could later obtain a judgment inconsistent with what the Court would enter against DCE. Plaintiff presents the Court with the following combination of actions. Plaintiff 1) added Hart as a Defendant, 2) pled that DCE's alleged wrongful conduct is inextricably intertwined with Hart's conduct, 3) asserted that DCE acted through Hart, 4) claimed that DCE and Hart are jointly and severally liable, and then 5) sought the dismissal of Hart without prejudice. In doing this Plaintiff has pleaded itself into a corner. It had a choice of pursuing its claim against Hart or terminating its claim against Hart. But Plaintiff chose neither. As a result the default of DCE avails Plaintiff nothing. To allow a default judgment against DCE while the claim between Plaintiff and Hart remains unresolved would allow

for the possibility for directly conflicting judgments. This is what <u>Hudson</u> and <u>Frow</u> prohibit.

For all of these reasons, the Court concludes that the entry of a default judgment against DCE is precluded. This leaves the Court in an impossible position. The case cannot move forward because Plaintiff's own pleadings prevent it from proceeding versus DCE. Likewise, Plaintiff cannot move backward and now proceed against Hart in this action because it declined to serve Hart and then agreed to Hart being dismissed without prejudice. The only path left available by the actions of Plaintiff would be to allow Plaintiff to start over – if a dispute between the parties even still exists. See <u>Wooten v. McDonald Transit Assoc., Inc.</u>, 775 F.3d 689, 695 (5th Cir. 2015). For these reasons the remaining claims against DCE will be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for default judgment [Doc. 64] and the Plaintiff's amended motion for default judgment [Doc. 73] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Signed: March 10, 2015

Martin Reidinger
United States District Judge